IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES ALBERTIS JORDAN,

                Petitioner

    VS.

JOHN J. LAMANNA, *et. al.*,

                Respondents

NO. 5:07-CV-371 (HL)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Petitioner JAMES ALBERTIS JORDAN has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondents JOHN J. LAMANNA and THURBERT E. BAKER have filed a motion to dismiss this petition contending, *inter alia*, that it is **untimely filed** under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #10. On December 21, 2007, the undersigned directed the petitioner to file a response to respondents' Motion to Dismiss. Tab #12. Thereafter, on January 25, 2008, petitioner JORDAN filed a response to the respondents' motion. Tab #15.

PROCEDURAL HISTORY

Petitioner was indicted by the Bibb County grand jury on January 18, 2000, in Case No. 00-CR-51135 for obstruction of officer, reckless conduct with a motor vehicle, and eluding police. On April 11, 2000, petitioner pled guilty to the obstruction and reckless conduct counts and received concurrent sentences of three years probation for obstruction and 12 months for reckless conduct. The eluding police count was *nolle prossed*.

Thereafter, on June 27, 2000, petitioner was again indicted by a Bibb County grand jury in Case No. 00-CR-51880 for obstruction of officer, theft by shoplifting, and giving false information to a law enforcement officer. On July 19, 2000, petitioner pled guilty to all three counts and received five years probation for obstruction, ten years probation for theft by shoplifting, and twelve months probation for giving false information, to run concurrently with each other and with the sentences imposed in April of 2000 in Case No. 00-CR-51135.

On March 24, 2005, while in federal custody, petitioner filed a _state_ habeas corpus petition in the Superior Court of Bibb County, challenging both sets of convictions. As reflected in the documents that petitioner filed, hearings were held May 25, 2005, and September 15, 2005. The state habeas court denied relief on September 23, 2005. The Georgia Supreme Court subsequently denied petitioner's application for a certificate of probable cause to appeal on October 2, 2006.

Petitioner executed the instant federal petition on September 22, 2007, in which he challenges both his April 11, 2000, and his July 19, 2000, Bibb County convictions. Respondents have filed an answer and a motion seeking to have the petition dismissed.

## LEGAL STANDARD

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

> *(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*
>
> > *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> >
> > *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
> >
> > *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
> >
> > *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

Upon review of the positions of the petitioner and respondents herein, the undersigned finds the respondents' analysis of the application of the one-year limitations period to petitioner's case to be persuasive. Petitioner Jordan pled guilty under indictment 00-CR-51135 on April 11, 2000, and those convictions became "final" on May 11, 2000, when the time for filing a notice of appeal under O.C.G.A. § 5-6-38 expired. He pled guilty on July 19, 2000, under indictment 00-CR-51880, and those convictions became "final" on August 18, 2000, when the time for filing a notice of appeal expired in that case.

It should be noted that, under Georgia law, there is no unqualified right to a direct appeal from a guilty plea; such an appeal will only lie for issues which can be resolved from the face of the record. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996). Claims requiring factual development, such as ineffective assistance of counsel or incompetency to plead guilty, cannot be raised in a direct appeal from a guilty plea but must be raised in a state habeas corpus case. *Morrow v. State*, 266 Ga. 3, 463 S.E.2d 472 (1995). In any event, had petitioner Jordan wanted to pursue a direct appeal, he had 30 days to file a notice of appeal; since he did not, his two sets of convictions were "final" on May 11, 2000, and August 18, 2000, respectively, when the time for seeking appellate review in each case expired.

Petitioner also failed to toll the period of limitations by timely filing a state collateral attack on either set of convictions. Instead, petitioner waited until March 24, 2005, to file his state habeas petition challenging both sets of convictions. This was one-thousand-seven-hundred-seventy-nine (1779) days after his April, 2000 convictions became final and one-thousand-six-hundred-eighty (1680) days after his July, 2000 convictions became final. Both of these time periods clearly exceed the one (1) year requirement of the AEDPA. As such, it is clear that the instant federal petition, which was filed on September 22, 2007 is untimely.

In his largely nonsensical response to the respondents' motion seeking dismissal, petitioner does not dispute the aforementioned calculations. Petitioner instead makes an unsupported and conclusory argument that he is entitled to equitable tolling of the period of limitations because he is "actually innocent of the sentence imposed."

3

Equitable tolling is an extraordinary remedy that is appropriate only when a petitioner untimely files due to extraordinary circumstances beyond his control which were unavoidable even with diligence. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2006). Here, petitioner has failed to identify any extraordinary circumstances which were beyond his control and unavoidable even with diligence which prevented him from timely filing the instant petition.

Accordingly, **IT IS RECOMMENDED** that the respondents' motion seeking dismissal be **GRANTED** and that the instant petition for habeas corpus be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 5th day of AUGUST, 2008.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE